IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA KAZDA,                  :

        Plaintiff         :

        v.                :

NAVIENT SOLUTIONS, LLC,    :      JURY TRIAL DEMANDED

                    :    No.

        Defendant    :

## C O M P L A I N T

## I.    JURISDICTION

1.    This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq,* (hereinafter "ADA"); as well as its jurisdiction over pendent state claims, particularly the Pennsylvania Human Relations Act, 43 P.S. § 955 (a) and (d). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2.    The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331 and 1343, as well as its jurisdiction over pendent state claims.

3.    The amount in controversy in this matter exceeds seventy five thousand dollars ($75,000.00).

4.    The violations of the Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.    PARTIES

5.     The Plaintiff, Nicole Gugger, is an adult individual and a citizen of the United States and the Commonwealth of Pennsylvania and resides at 348 Oakdale Road, Hunlock Creek, Luzerne County, PA 18621.

6.     Defendant Navient Solutions, LLC  is a limited liability company organized under the laws of Delaware with places of business at 2001 Edmund Halley Dr. MD, Reston, VA and 220 Lasley Avenue, Wilkes-Barre, Luzerne County, PA 18706.

7.  Defendant employs more than 1000 individuals.

8.    At all times material hereto Defendants was, and is, engaged in an industry affecting interstate commerce.

9.    At all times material hereto, Defendant  was, and is, an employer within the meaning of the Americans with Disabilities Act, and the Pennsylvania Human Relations Act, 43 PS §955 (a)and (d) , in that Defendant, at all times material hereto, was engaged in an industry affecting commerce, and has employed fifty  (50) or more employees for every working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

## III.    ADMINISTRATIVE PREREQUISITES

10. Plaintiff timely filed a complaint against the Defendant with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC), alleging disability discrimination and retaliation, on April 16, 2020.

11.    The EEOC has issued a notice of right-to-sue dated August 3, 2020.

12.    The PHRC has been requested to issue a notice of right-to-sue, to which Plaintiff is entitled.

## IV.    RIGHT OF EQUITABLE RELIEF

13.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is Plaintiff's only means of securing adequate relief.

## V.    JURY TRIAL DEMANDED

14..    Plaintiff demands trial by jury on this Complaint.

## VI.    FACTUAL ALLEGATIONS

15.    At all times material hereto, Plaintiff was employed by Defendant as a Loan Servicing Specialist at its 220 Lasley Avenue, Wilkes-Barre location.

16.    At all times material hereto, Plaintiff was qualified to perform the duties of a Loan Servicing Specialist for Defendant.

17.    Plaintiff was employed by Defendant or its predecessor since about 1994.

18.    Plaintiff was employed by Defendant in the position of Loan Servicing Specialist since or about 2010.

19.    At all times material hereto, since or about 2015, Plaintiff has been diagnosed with anxiety and major depression, which is a serious psychological disorder.

20.    Plaintiff's illness constituted psychological impairments, as described herein, which substantially limited Plaintiff in the major life activities of sleeping, social interactions, concentrating, thinking, communicating, and working.

21.    With regard to her position as a Loan Servicing Specialist, Plaintiff was, and is, a qualified individual with a disability.

22.    At all times material hereto, Defendant was aware of Plaintiff's symptoms, diagnosis of anxiety and depression, medical condition and disability.

3

23.     Defendant regarded Plaintiff as being a qualified individual with a disability.

24.     Plaintiff had a record with Defendant of being a qualified individual with a disability.

25.     In the course of her employment with Defendant, Plaintiff requested, and received, reasonable accommodations of her disability, in the form of allowance of working from home and, separately, limitations on overtime hours.

26.     In the course of her employment with Defendant, Plaintiff requested intermittent medical leave under the Family and Medical Leave Act on account of her disability.

27.     At all times material hereto, Plaintiff performed her duties as a Loan Servicing Specialist in a good, competent and professional manner.

28.     Plaintiff's direct supervisor in 2019 was Melissa Wilson.

29.     Ms. Wilson supervised approximately 15 to 20 employees.

30.     Beginning in 2015, Plaintiff requested orally and in writing the reasonable accommodation, supported in writing by her psychiatrist, that she not be subject to job and task switching in the course of the work day on account of her disability.

31.     Plaintiff continued to make her requests for the reasonable accommodation of not being subjected to job and task switching in the course of the work day throughout the entire course of her employment with Defendant.

32.     In the course of her typical work day, Plaintiff was assigned to respond to a wide variety of e-mail inquiries, necessitating moving to and from many different resources, including, but not limited to, loan repayment options, customer complaints, repayment deferments on account of cancer diagnoses, due date changes, deferments of forbearances, and opting out of marketing e-mails.

33.     Other Loan Servicing Specialists under the supervision of Ms. Wilson were not subjected to job and task switching in the course of the work day and were assigned work which were essentially single tasks for the day.

34.     The constant task switching both exacerbated Plaintiff's disability and impaired her performance metrics by comparison to similarly situated employees who were not subjected to job and task switching in the course of the work day.

35.     Defendant did not grant Plaintiff's written and oral requests for the reasonable accommodation of not being subjected to job and task switching in the course of the work day.

36.      In the late summer and fall of 2019, Defendant assigned single daily task duties to the following Loan Servicing Specialists under the supervision of Melissa Wilson:  Stacey Kulp, Margaret Kolanich, Audrey Tigue and Ken Williams.

37.     Kulp, Kolanich and Tigue's daily work was limited to checking outgoing e-mails for accuracy, grammar and spelling, a function very similar to Plaintiff's former job functions as an editor, which she also successfully performed.

38.     Williams's daily work was responding to mailed letters, which generally involved attorney inquiries, which were of a routine nature.

39.     Upon information and belief, none of the above described Loan Servicing Specialists had disabilities.

40.     Plaintiff was able to perform all of the job functions performed by the above described Loan Servicing Specialists and each of the above described Loan Servicing Specialists were able to perform the job functions of Plaintiff.

41.     The assignment to Plaintiff of the daily, single task duties, given to the above described Loan Servicing Specialists would have fulfilled the reasonable accommodation request of Plaintiff.

42.     Two other Loan Servicing Specialists, Brian Fox and Fred Miller, were assigned the single duty daily function of web chat, which work was not subject to task and job duty changes on a daily basis, nor were not subject to metric measurements.

43.     Upon information and belief, neither Fox nor Miller had disabilities.

44.     Plaintiff was able to perform all of the job functions performed by Fox and Miller and each of them were able to perform the job functions of Plaintiff.

45.     The assignment to Plaintiff of the daily, single task duties, given to the above described Loan Servicing Specialists would have fulfilled the reasonable accommodation request of Plaintiff.

46.     Defendant denied Plaintiff's request to perform the functions of any of the above six Loan Servicing Specialists.

47.     Defendant could have honored Plaintiff's requested accommodations without undue hardship to itself.

48.     Defendant failed to engage in an interactive process with Plaintiff with regard to the requested reasonable accommodations.

49.     Plaintiff required reasonable accommodations for her disability to enable her to continue to perform the essential functions of her job as a Loan Servicing Specialist, as directed and measured by Defendant.

50.    The failure and refusal of Defendant to engage in an interactive process with Plaintiff and to provide the requested reasonable accommodations severely impaired Plaintiff's ability to perform her tasks and to accomplish the metrics assigned to her by Defendant.

51.    The above described Loan Servicing Specialists were not impaired in their ability to accomplish the metrics assigned to them by Defendant, either because no metrics were assigned to them (Fox and Miller) or because they were not subjected to job and task switching on a daily basis (all).

52.    Plaintiff continued to make her requests for the reasonable accommodation of not being subjected to job and task switching in the course of her daily work day, through and including October 11, 2019.

53.    Because her repetitive requests for the reasonable accommodation of not being subjected to job and task switching in the course of her daily work day had been denied by her supervisor, Ms. Wilson, Plaintiff requested that her supervisor be changed on October 11, 2019, as a further request for a reasonable accommodation.

54.    Defendant did not, thereafter, change Plaintiff's supervisor.

55.    Defendant engaged in a course of animus and hostility toward Plaintiff on account of her repetitive requests for the reasonable accommodation of not being subjected to job and task switching in the course of her daily work day.

56.    Defendant terminated Plaintiff's employment on October 22, 2019.

57.    The ostensible reason for the termination of Plaintiff's employment was her job performance.

58.    The ostensible reason for the termination of Plaintiff's employment was false and pretextual on account of disability.

59.     The ostensible reason for the termination of Plaintiff's employment was false and pretextual on account of retaliation for having made requests for reasonable accommodations of her disability.

60.     Defendant terminated Plaintiff on account of her disability.

61.     Defendant terminated Plaintiff in retaliation for having made requests for reasonable accommodations of her disability.

62.     Plaintiff has suffered damages in the form of loss of compensation, loss of employment benefits, emotional distress and other compensatory and consequential damages, on account of the illegal actions and omissions of Defendant.

63.     The actions and omissions of Defendant were outrageous, extremely offensive, intentional, discriminatory and retaliatory against Plaintiff on a continuing basis and were performed with malice and reckless indifference to Plaintiff's civil rights.

## VII.    CAUSES OF ACTION

### COUNT I
### Americans with Disabilities Act
### 42 USC Sec. 12101 *et seq.*

### Discrimination on Account of Disability
### Termination

64.     Paragraphs 1 through 63 of this Complaint are incorporated herein by reference as though set forth in full.

65.     Defendants terminated Plaintiff' on account of her disability, its regard of her as being disabled, and/or her record of disability.

66.     The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

67.     Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

68.     The actions taken by Defendant as described herein were willful, deliberate, intentional, outrageous and performed with an extreme indifference to the rights of Plaintiff such as an award of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment and prays:

a.     that this Court declare that the practices described herein are discriminatory and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b.  that this Court enter an injunction prohibiting discrimination against employees on the basis of disability with regard to the terms and conditions of employment;

c.     that this Court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had Plaintiff not been wrongfully terminated; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been discrimination, together with interest on said amount from the date of termination;

d.     that this Court order the payment of compensatory damages;

9

e.      that this Court order the payment of punitive damages;

f.      that this Court order the payment of reasonable attorney fees and costs;

g.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

h.      that this Court order such other and further relief as may be just and equitable.

### COUNT II
### Pennsylvania Human Relations Act
### 43 PS Sec. 955(a)

### Discrimination on Account of Disability
### Termination

69.     Paragraphs 1 through 68 of this Complaint are incorporated herein by reference as though set forth in full.

70.     Defendant terminated Plaintiff's employment on account of her disability, its regard of her as being disabled, and/or her record of disability.

71.     The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis,  and constitute violations of the Pennsylvania Human Relations Act.

72.     Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

WHEREFORE, Plaintiff demands judgment and prays:

a.      that this Court declare that the practices described herein are discriminatory and in violation of the PHRA.;

b.      that this Court enter an injunction prohibiting discrimination against employees on the basis of disability with regard to the terms and conditions of employment;

c.      that this Court order reinstatement of the Plaintiff and provide a reasonable accommodation for disability, without loss of seniority or other benefits which would have accrued had there not been a wrongful termination; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been discrimination, together with interest on said amount from the date of termination;

d.      that this Court order the payment of compensatory damages

e.      that this Court order the payment of reasonable attorney fees and costs;

f.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

g.      that this Court order such other and further relief as may be just and equitable.

## COUNT III

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

## 42 U.S.C. §12101 *et seq.*

## RETALIATION

## Termination

73.     Paragraphs 1 through 72 of this Complaint are incorporated herein by reference as though set forth in full.

74.     The termination of Plaintiff by Defendant was in retaliation for her requests for a reasonable accommodation.

75.     The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of engaging in a protected activity under the statute, on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

WHERFORE, Plaintiff demands judgment in against the Defendant and prays:

a.     That this court declare that the practices in which the Defendant has engaged are retaliatory and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b.     That this court permanently enjoin the Defendant from retaliating against employees on the basis of disability accommodation requests with regard to the terms and conditions of employment;

c.   That this Court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had Plaintiff not been wrongfully terminated; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had Plaintiff not been discriminatorily terminated, together with interest on said amount from the date of Plaintiff's termination.

d.   That this Court order the Defendant to pay Plaintiff compensatory damages;

e.   That this Court order the Defendant to pay Plaintiff punitive damages;

f.   That this Court order the Defendant to pay Plaintiff's reasonable attorney fees and costs of this litigation;

g.   That this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

h.   That this Court order such other and further relief as may be just and equitable.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. §955(d)
### RETALIATION
### Termination

76.     Paragraphs 1 through 75 of this Complaint are incorporated herein by reference as though set forth in full.

77.     The termination of Plaintiff by Defendant was in retaliation for her requests of a reasonable accommodation.

78.     The unlawful employment practices based on participation in a protected activity hereinbefore stated constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d).

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.  that this court declare that the practices in which the Defendant has engaged are retaliatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d);

b.  that this court permanently enjoin the Defendant from retaliating against employees of the Defendant on the basis of disability accommodation requests with regard to the terms and conditions of employment;

c.     that this court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had Plaintiff not been wrongfully terminated; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement

benefits and other employment benefits which Plaintiff would have earned had Plaintiff not been terminated, together with interest on said amount from the date of Plaintiff's termination.

a.    that this Court order the Defendants to pay Plaintiff compensatory damages;

b.    that this Court order the Defendants to pay Plaintiff's reasonable attorney fees and costs of this litigation;

c.    that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendants to file such reports as this Court deems necessary to evaluate such compliance; and

d.    that this Court order such other and further relief as may be just and equitable.

## COUNT V
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §12101 *et seq.*
### FAILURE TO ACCOMMODATE

79.    Paragraphs 1 through 78 of this Complaint are incorporated herein by reference as though set forth in full.

80.    The unlawful employment practices hereinbefore stated constitute a violation of the Americans with Disabilities Act 42 U.S.C. §12101 *et seq.*, as Defendant failed to grant Plaintiff's requests for reasonable accommodation for her disability.

WHEREFORE, Plaintiff demands judgment in her favor and

against the Defendant and prays:

a.      That this Court declare that the practices in which the

Defendants have engaged are illegal and in violation of the Americans with Disabilities

Act 42 U.S.C. §12101;

b.      That this Court permanently enjoin the Defendans from denying requests

for reasonable accommodations by employees with regard to their disabilities;

c.      That this Court order reinstatement of the Plaintiff, without loss of seniority

or other benefits which would have accrued had she not been wrongfully terminated; or,

in the alternative, entry of a money judgment against Defendant awarding Plaintiff

damages representing lost wages and other sums of money including retirement

benefits and other employment benefits which Plaintiff would have earned had she not

been denied the requested reasonable accommodations, together with interest on said

amount from the dates of Plaintiff's demotion and termination.

d.      That this Court Order the Defendant to pay Plaintiff compensatory

damages;

e.      That this Court Order the Defendant to pay Plaintiff punitive damages;

f.      That this Court Order the Defendant to pay Plaintiff's reasonable

attorneys' fees and costs of this litigation;

g.      That this Court retain jurisdiction over this action to ensure full compliance

with the orders of this court and with applicable laws that require Defendant to file such

reports as this Court deems necessary; and,

h.      That this Court Order such other and further relief as may be just and equitable.

## COUNT VI
## VIOLATION OF THE PENNSYLVANIA
## HUMAN RELATIONS ACT, 43 P.S. §955(a)
## FAILURE TO ACCOMMODATE

81.      Paragraphs 1 through 80 of this Complaint are incorporated herein by reference as though set forth in full.

82.      The unlawful employment practices hereinbefore stated constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d).

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants and prays:

a.      that this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d);

b.      that this court permanently enjoin the Defendant from denying requests for reasonable accommodations from employees and otherwise discriminating against employees of the Defendant on the basis of disability with regard to the terms and conditions of employment;

c.      that this court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had she not been wrongfully terminated; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement

benefits and other employment benefits which Plaintiff would have earned had she not been denied the requested reasonable accommodation, together with interest on said amount from the dates of Plaintiff's demotion and termination.

      d.      that this Court order the Defendant to pay Plaintiff compensatory damages;

      e.      that this Court order the Defendant to pay Plaintiff's reasonable attorney fees and costs of this litigation;

      f.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendants to file such reports as this Court deems necessary to evaluate such compliance; and

      g.      that this Court order such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

By:    /s/ Kimberly D. Borland
        KIMBERLY D. BORLAND, ESQUIRE
        11th Floor, 69 Public Square
        Wilkes-Barre, PA 18701
        (570) 822-3311
        Attorney ID.#23673
        kborland@borlandandborland.com
        Attorney for Plaintiff

**V E R I F I C A T I O N**

       I verify that the averments made in the Complaint are true and correct.   I

understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A.

§4904, relating to unsworn falsification to authorities.

_Lisa Kazda_
LISA KAZDA

Date: _10/29/20_